| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for TIAA, FSB, FORMERLY KNOWN AS EVERBANK | **Order Filed on May 29, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Florence Hirschfeld<br><br>Debtor. | Case No.:  19-14880 CMG<br>Adv. No.:<br>Hearing Date:  5/15/19 @ 10:00 a.m.<br><br>Judge:  Christine M. Gravelle |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: May 29, 2019**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2
Debtor:     Florence Hirschfeld
Case No.:   19-14880 CMG
Caption:    **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Attorneys for TIAA, FSB, FORMERLY KNOWN AS EVERBANK, holder of a mortgage on real property located at 121 Yellowbank Road, Toms River, NJ, 08753, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Daniel E. Straffi, Esquire, attorney for Debtor, Florence Hirschfeld, and for good cause having been shown;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by 10/1/19, or as may be extended by extension of the loss mitigation period; and

It **ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments outside of the plan in accordance with the terms of the loss mitigation order while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** the trustee is to pay the post-petition arrears while the loan modification is pending per the plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue;

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is not successful, Debtor shall modify the plan to otherwise address Secured Creditor's claim including post-petition arrears that have accrued as a results of the loss mitigation payment amount; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.